Carolyn KOON and Rocky Koon, In-dividually and as Husband and Wife; Plaintiffs–Appellants,

v.

ROBINSON PROPERTY GROUP LIM-ITED PARTNERSHIP, d/b/a Horse-shoe Casino and Hotel, a/k/a Jack Binion's Horseshoe Casino, Defen-dant–Appellee.

No. 03–60302
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 20, 2003.

the limited circumstances set forth in 5th Cir. R. 47.5.4.

Anne Elizabeth Pitts, McDavid & Associates, Oxford, MS, for Plaintiffs–Appellants.

David Alan Burns, Burns Law Firm, Water Valley, MS, for Defendant–Appellee.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:*

In this slip and fall case, the district court granted defendant's motion for summary judgment based primarily on facts deemed admitted by plaintiff when plaintiff failed to timely respond to requests for admission. The plaintiff filed a motion for post judgment relief under Rule 60(b), which the district court denied. Plaintiff prosecutes this appeal to challenge that denial of Rule 60(b) relief.

"The decision to grant or deny 60(b) relief lies in the sound discretion of the district court and will be reversed only for an abuse of that discretion." *New Hampshire Ins. Co. v. Martech USA, Inc.,* 993 F.2d 1195, 1200 (5th Cir.1993). The district court properly granted summary judgment after it found that the plaintiffs' tardy response to defendant's request for admissions left no material issues of fact in the case. *See In re Carney,* 258 F.3d 415, 419–21 (5th Cir.2001). In their 60(b) motion, plaintiffs argued that their lawyer mistakenly failed, in the response to the motion for summary judgment, to explain the reasons for the untimely response to the request for admissions. Such neglect does not necessitate relief from the judgment, *see, e.g. Edward H. Bohlin Co. v. Banning Co.,* 6 F.3d 350, 357 (5th Cir.

1993). The district court did not abuse its discretion in denying the motion.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

